UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES RONALD WELCH, JR.,**

        **Petitioner,**

**v.**                            **Case No: 6:16-cv-247-Orl-37TBS**

**SECRETARY, DEPARTMENT OF**
**CORRECTIONS and ATTORNEY**
**GENERAL, STATE OF FLORIDA,**

        **Respondents.**

_____/

## ORDER

THIS CAUSE is before the Court on Petitioner James Ronald Welch, Jr.'s, Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Supplemental Response to the Petition ("Supplemental Response," Doc. 24) in compliance with this Court's instructions. Petitioner filed a Reply to the Supplemental Response ("Reply," Doc. 29).

Petitioner asserts eleven grounds for relief in the Petition. For the following reasons, the Petition is denied.

## I.    PROCEDURAL HISTORY

In 2008, Petitioner entered a plea of *nolo contendere* to lewd and lascivious molestation. (Doc. 21-1 at 79-80). The state court sentenced Petitioner to a fifty-one week term of imprisonment to be followed by two years of probation. (*Id*. at 82). Petitioner did not appeal.

Petitioner subsequently was charged with violation of probation ("VOP"). (*Id*. at

88-93). Petitioner entered a plea of no contest to VOP. (*Id*. at 105-07). The state court found Petitioner to be a danger to the community under section 948.06 of the Florida Statutes and sentenced him to a 277.6-month term of imprisonment. (*Id*. at 250-73). Petitioner filed a motion to correct sentencing error pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure. (*Id*. at 161-64). The state court denied the motion. (*Id*. at 184). Petitioner appealed his conviction and sentence. The Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (*Id*. at 231).

Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (*Id*. at 235-38). The state court denied the motion. (*Id*. at 241-42). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id*. at 289).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which he amended, challenging his original plea. (*Id*. at 293-306). The state court denied the motion as untimely. (*Id*. at 309-11). Petitioner did not appeal.

 Petitioner filed a second motion for post-conviction relief pursuant to Rule 3.850, which he amended. (*Id*. at 329-481). The state court denied the motion. (Doc. 21-2 at 209-24). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 21-3 at 8).

Petitioner filed a state habeas petition. (Doc. 21-3 at 306-14). The Fifth DCA dismissed the petition as untimely. (*Id*. at 417).

## II.   LEGAL STANDARDS

### A.   Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    Standard For Ineffective Assistance Of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

#### A.   Ground One

Petitioner asserts the trial court violated federal law by using the prosecutor and defense counsel's "false statements" to find him a danger to society. (Doc. 1 at 5). In support of this ground, Petitioner complains that the attorneys "built-up" his criminal history in closing based on misdemeanor convictions from the prior ten years, which did not exist. (*Id.*).

Petitioner raised this ground in a petition for writ of prohibition. The Fifth DCA summarily denied it. (Doc. 21-3 at 283).

Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, clearly established federal law. Petitioner's scoresheet reflects that he had six misdemeanors from 2003 through 2006. (Doc. 21-1 at 119-22). Therefore, Petitioner in fact had a persistent history of misdemeanors as found

by the trial court. Petitioner has not demonstrated that the attorneys made false statements or that the trial court improperly relied on false statements. Accordingly, ground one is denied pursuant to § 2254(d).[2]

## B. Ground Two

Petitioner complains that the trial court denied him due process by failing to state why he constituted a current danger to the community. (Doc. 1 at 7). Petitioner further argues the trial court improperly found him to be a danger to the community. (*Id*.).

Petitioner raised this ground on direct appeal. The Fifth DCA affirmed *per curiam.* (Doc. 21-1 at 231).

The state court's denial of this ground is not contrary to, or an unreasonable application of, clearly established federal law. Pursuant to section 948.06(8)(e) of the Florida Statutes, the trial court was required to make written findings regarding whether Petitioner posed a danger to the community. Fla. Stat. § 948.06(8)(e)1. The trial court was required to base its finding on one or more of the following:

a. The nature and circumstances of the violation and any new offenses charged.

b. The offender's present conduct, including criminal convictions.

---

[2] To the extent Petitioner argues that the trial judge was biased against him, *see* Doc. 29 at 5-6, this ground is also denied pursuant to § 2254(d). "It is well-established under both Florida and federal law that adverse judicial rulings are not a proper basis for finding that an otherwise valid conviction should be reversed based on a claim of judicial bias." *Davis v. McDonough*, No. 8:03CV1807-T-27TBM, 2006 WL 2801986, at *16-17 (M.D. Fla. Sept. 27, 2006). There is no indication that the trial judge was biased against Petitioner.

c.  The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.

d.  The weight of the evidence against the offender.

e.  Any other facts the court considers relevant.

Fla. Stat. § 948.06(8)(e)1.a.-e.

In finding Petitioner to be a danger to the community, the trial court made specific written findings on each of the five factors. (Doc. 21-1 at 185). The trial court found that (1) Petitioner's VOP "involved the use of alcohol and the loss of the monitoring device – two events which show that the behavior needed to be successful in society are lacking," (2) Petitioner "has a terrible criminal record and the recent 2007 crime for which he is on probation is a serious crime," (3) Petitioner's "recent (10 years) history and his prior violations show that he is not amenable to nonincarcerative sanctions. . [His] drinking problem is severe and persistent. . . ," (4) the weight of the evidence against Petitioner is substantial, and (5) Petitioner continues to minimize his personal responsibility in the underlying offense and VOP. (*Id.*). Therefore, the state court made the required written findings under the state law. Petitioner has not demonstrated that the state court's findings are insufficient or erroneous. Accordingly, ground two is denied pursuant to § 2254(d).

### C.    Ground Three

Petitioner contends his sentence is illegal because the State used a different scoresheet after his VOP. (Doc. 1 at 8). Petitioner further complains that his initial plea to

lewd and lascivious molestation was not voluntary because the State tricked him into entering the plea by knowingly presenting a faulty scoresheet. (*Id*.).

Petitioner raised the first part of this ground in his Rule 3.800(a) motion and the second part in his first Rule 3.850 motion. (Doc. 21-1 at 235-38, 293-98). The state court denied the Rule 3.800(a) motion pursuant to Florida law. (*Id*. at 241-42). The state court reasoned that under Florida law, the State was required to prepare a new score sheet for sentencing on the VOP and the trial court was permitted to use a scoresheet that included prior convictions omitted in the original scoresheet. (*Id*. at 242). With respect to the voluntariness of the original plea, the state court found the claim to be untimely and procedurally barred. (*Id*. at 309-11).

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

A federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).

The Supreme Court of the United States has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

The second part of ground three is procedurally barred absent an exception to the procedural default bar. Petitioner has not shown either cause or prejudice to excuse the default. Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this portion of ground three is procedurally barred.

With respect to the first part of ground three, Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, federal law. Pursuant to Florida law, in a VOP sentencing proceeding, state courts are permitted to use a scoresheet containing prior convictions that were omitted from the original scoresheet. *See Roberts v. State*, 644 So. 2d 81, 82 (Fla. 1994). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal

protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

This ground is based exclusively on state law matters that are merely "couched in terms of equal protection and due process." *Willeford*, 538 F.2d at 1198. Because this part of ground three raises matters of state law only, it is denied. Alternatively, it is denied pursuant to § 2254(d).

### D.    Ground Four

Petitioner asserts counsel rendered ineffective assistance by eliciting prejudicial testimony from Petitioner's sister. (Doc. 1 at 10). In support of this ground, Petitioner maintains his sister improperly testified that Petitioner drank alcohol when he committed multiple violent crimes as a teenager. (*Id*.).

Petitioner raised this ground in his second Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 21-2 at 212-15). The state court reasoned that the testimony of Petitioner's sister did not result in prejudice. (*Id*.).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. At the sentencing hearing, Petitioner's sister, Kathy Bodlak ("Bodlak"), testified that Petitioner had struggled with alcohol his entire life and every crime he committed was the result of alcohol. (Doc. 21-1 at 26, 29). Bodlak, however, clarified that the offenses Petitioner committed as a teenager were the result of Petitioner's anger at his mother. (*Id.* at 31). Therefore, Bodlak did not testify that Petitioner committed the offenses when he was a teenager because of alcohol. Counsel, therefore, was not deficient for eliciting this testimony.

Furthermore, Petitioner has not demonstrated that a reasonable probability exists that the outcome of the proceeding would have been different had counsel not elicited this testimony. Petitioner testified that he had a problem with alcohol and that he committed some of his crimes as a result of his drinking. (Doc. 21-1 at 41-48). Consequently, the state court's findings regarding whether Petitioner was a danger to society was supported by evidence other than Bodlak's testimony. Accordingly, ground four is denied pursuant to § 2254(d).

### E.      Ground Five

Petitioner maintains counsel rendered ineffective assistance by failing to notify Kim Cullars ("Cullars"), Petitioner's former probation officer, when the sentencing hearing would be conducted. (Doc. 1 at 12). According to Petitioner, Cullars' testimony would have proved that he was a responsible person and was not a danger to society. (Doc. 29 at 13).

Petitioner raised this ground in his second Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 21-2 at 215-17). The state court reasoned that multiple witnesses provided similar testimony to Cullars' proposed testimony, including that Petitioner was a responsible person, a hard worker, and an alcoholic. (*Id*. at 216). The state court determined that a reasonable probability did not exist that the outcome of the proceeding would have been different had Cullars testified. (*Id*.).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Petitioner has not offered any evidence in either this Court or the state court to demonstrate what testimony Cullars would have provided. "[E]vidence

about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). Thus, this ground is speculative. Furthermore, numerous witnesses testified that Petitioner was a good and responsible person. (Doc. 21-1 at 22-25, 33-35). However, ample evidence was presented to support the trial court's finding that Petitioner was a danger to society. Therefore, prejudice did not result from counsel's failure to call Cullars as a witness. Accordingly, ground five is denied pursuant to § 2254(d).

F. **Ground Six**

Petitioner asserts counsel rendered ineffective assistance by making harmful statements at sentencing in closing argument. (Doc. 1 at 12). Specifically, Petitioner argues that counsel conceded guilt to his prior burglaries and misdemeanor convictions, which he did not commit, and portrayed Petitioner as a drunk who had a pattern of bad behavior. (*Id*.).

Petitioner raised this ground in his second Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 21-2 at 217-18). The state court reasoned that Petitioner had seventeen felony convictions from 1979 through 2007, seven misdemeanor convictions since 2003, and had been to prison on three separate occasions between 1980 and 2004. (*Id*. at 218). The state court concluded counsel did his best to minimize

Petitioner's criminal history and advocate for alcohol treatment and that no prejudice resulted from counsel's performance. (*Id*.).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Petitioner's criminal history was extensive and included seventeen felony and seven misdemeanor convictions between 1979 and 2007. *See* Doc. 21-1 at 119-21. His convictions included burglaries. (*Id*.). Petitioner has not presented any evidence refuting his prior convictions. Counsel, therefore, did not provide deficient performance by conceding Petitioner's guilt to these offenses. Furthermore, counsel attempted to minimize Petitioner's criminal history and argued he was amenable to treatment for his alcohol problem. A reasonable probability does not exist that the outcome of the proceeding would have been different had counsel not made these statements in closing argument. Accordingly, ground six is denied pursuant to § 2254(d).

### G.    Ground Seven

Petitioner contends counsel rendered ineffective assistance by failing to introduce mitigating evidence. (Doc. 1 at 12). According to Petitioner, counsel failed to present evidence about the burglary Petitioner committed as an adult, his amenability to substance abuse treatment, that he sought treatment before his VOP, and the circumstances regarding his VOP. (*Id*.).

Petitioner raised this ground in his second Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 21-2 at 219-20). The state court reasoned that evidence about the burglary committed in 1994 would not have changed the outcome of sentencing and that the trial court considered the circumstances of the VOP and

Petitioner's amenability to substance abuse treatment. (*Id*.). The state court concluded that prejudice did not result from counsel's failure to make any additional arguments in mitigation. (*Id*.).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Counsel presented evidence to try to minimize Petitioner's criminal history and to demonstrate he was amenable to substance abuse treatment. The state court, however, determined that Petitioner's recent criminal history was substantial and he was not amenable to nonincarcerative sanctions like substance abuse treatment. Petitioner has not demonstrated a reasonable probability exists that the outcome of the proceeding would have been different had counsel presented additional evidence, including evidence about his burglary conviction, amenability to substance abuse treatment, or the circumstances of his VOP. Accordingly, ground seven is denied pursuant to § 2254(d).

### H.     Ground Eight

Petitioner asserts counsel rendered ineffective assistance by failing to present a reasonable strategy of defense. (Doc. 1 at 13). In support of this ground, Petitioner again complains that counsel "built-up" his criminal and drinking history, portrayed him as an out-of-control drunk, reminded the court of the worst of Petitioner's offenses, and denied him a truthful defense. (*Id*.).

Petitioner raised this ground in his second Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 21-2 at 221).

The state court's denial of this ground is not contrary to, or an unreasonable

application of, *Strickland*. Counsel did not "build-up" Petitioner's criminal history but instead tried to minimize it and show he needed substance abuse treatment not imprisonment. Furthermore, the state court was able to evaluate Petitioner's criminal history from his scoresheet, and Petitioner and other witnesses testified about his alcohol problem. There is no evidence that any false evidence was presented to the trial court. Finally, Petitioner has not explained what defense counsel should have presented or how it would have resulted in a different outcome. In sum, Petitioner has not established a reasonable probability exists that the outcome of the proceeding would have been different had counsel presented a different defense. Accordingly, ground eight is denied pursuant to § 2254(d).

## I. Ground Nine

Petitioner maintains counsel rendered ineffective assistance by failing to object to statements made by the prosecutor in closing argument. (Doc. 1 at 13). In support of this ground, Petitioner notes that the prosecutor said that Petitioner solicited a fourteen-year old girl, had sexual urges for minors that may be exacerbated by alcohol, and had been ordered into treatment several times. (*Id*.).

Petitioner raised this ground in his second Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 21-2 at 222). The state court reasoned that evidence was presented that Petitioner had been ordered to substance abuse treatment and that the statements regarding the minor female victim and Petitioner's drinking were based on the charging affidavit, witness statements, and testimony presented at the

sentencing hearing. (*Id.*). The state court concluded that the prosecutor's statements were not objectionable and counsel was not deficient for failing to object to them. (*Id.*).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. The prosecutor's statements were reasonable inferences that could be drawn from the evidence. "[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1254-55 (Fla. 2006) (citing *Craig v. State*, 510 So. 2d 857, 865 (Fla. 1987)). Counsel, therefore, was not deficient for failing to object to the prosecutor's statements. Furthermore, a reasonable probability does not exist that the outcome of the proceeding would have been different had counsel done so. Accordingly, ground nine is denied pursuant to § 2254(d).

### J.      Ground Ten

Petitioner contends that the cumulative effect of counsel's errors deprived him of effective assistance. (Doc. 1 at 13). Petitioner raised this ground in his second Rule 3.850 motion. The state court denied relief because all of Petitioner's grounds of ineffective assistance of counsel were without merit. (Doc. 21-2 at 223).

"The Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim." *Forrest v. Florida Dep't of Corr.*, 342 F. App'x 560, 564 (11th Cir. 2009). The Supreme Court has held, however, in relation to a claim of ineffective assistance of counsel, that "'there is generally no basis for finding a Sixth Amendment violation unless the accused can

show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Id.* (quoting *United States v. Cronic,* 466 U.S. 648, 659 n. 26 (1984)).

Petitioner has not established counsel rendered ineffective assistance in any of his grounds. As explained by the Eleventh Circuit Court of Appeals, "[w]hile the prejudice inquiry should be a cumulative one as to the effect of all of the failures of counsel that meet the performance deficiency requirement, only the effect of counsel's actions or inactions that do meet that deficiency requirement are considered in determining prejudice." *Evans v. Sec'y, Fla. Dep't of Corr.,* 699 F.3d 1249, 1269 (11th Cir. 2012). Consequently, because Petitioner has not demonstrated any deficient performance or prejudice, his claim of cumulative error fails. *See also Borden v. Allen,* 646 F.3d 785, 823 (11th Cir. 2011) ("Because Borden has not sufficiently pled facts that would establish prejudice—cumulative or otherwise—we decline to elaborate further on [a cumulative-effect ineffective assistance of counsel claim] for fear of issuing an advisory opinion on a hypothetical issue."). Accordingly, this ground is denied pursuant to § 2254(d).

### K.     Ground Eleven

Petitioner asserts appellate counsel rendered ineffective assistance by failing to argue that the judge used false statements against him. (Doc. 1 at 14). In support of this ground, Petitioner argues that the attorneys "built-up" his criminal history in closing arguments and the trial court relied on these arguments. (*Id.*).

Petitioner raised this ground in his state habeas petition. The Fifth DCA, however, dismissed the petition as untimely. (Doc. 21-3 at 417). Consequently, this ground is procedurally barred absent an exception to the procedural default bar. Petitioner has not

shown either cause or prejudice to excuse the default. Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, ground eleven is procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot

show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 2nd, 2017.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party